IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GENE GARCZEWSKI, | ) | |
|     Plaintiff, | ) | C. A. No.: |
| | ) | |
| v. | ) | JURY TRIAL DEMANDED |
| | ) | |
| EVERYWARE GLOBAL, INC., | ) | |
|     Defendant. | ) | Electronically Filed |

**COMPLAINT**

COMES NOW the Plaintiff, GENE GARCZEWSKI, by and through his attorneys, Murtagh & Hobaugh, John W. Murtagh, Jr., and Adam K. Hobaugh, and files this, his COMPLAINT, of which the following is a statement:

**PARTIES**

1. The Plaintiff, GENE GARCZEWSKI, is an adult individual residing in Lawrence County, Pennsylvania, 16101.

2. The Defendant, EveryWare Global, Inc., (hereinafter "EveryWare") is a corporation with its headquarters at 115 W. Fifth Avenue, Lancaster, Ohio, which conducts business in interstate commerce and employs in excess of 500 individuals. EveryWare has local offices at 400 9th Street, Monaca, PA 15061, and at all times relevant hereto acted by and through its directors, employees, officers, officials, attorneys, agents and other functionaries of the said office, all of whom acted in the scope of his, her or their respective office, employment, position or function.

**JURISDICTION AND VENUE**

3.      This is an action to redress the deprivation by the Defendant of the Plaintiff's civil rights, and in particular, the right to be free from illegal, invidious and damaging discrimination in his employment because of age, which rights are guaranteed by the Constitution of the United States and the laws and statutes enacted pursuant thereto, and in particular, the Age Discrimination in Employment Act, 29 U.S.C. 621, *et seq.*, as well as a pendent claim under State law for violation of Plaintiff's rights under the Pennsylvania Human Relations Act, 43 P.S. '951 *et seq*.  Declaratory relief is sought under and by virtue of Title 28 U.S.C. Sections 2201 and 2202. Jurisdiction of this Honorable Court is founded upon Title 28 U.S.C. Sections 1331 and 1343(3), and Title 42 U.S.C. Section 2000e.

4.      All or substantially all of the events, facts and circumstances giving rise to the instant Complaint occurred in the Western District of Pennsylvania and therefore venue is appropriate under Title 28 U.S.C. Section 1391 (b)(2) and (c).

5.      A **JURY TRIAL** is demanded as to all counts to the extent permitted by law.

**FACTUAL ALLEGATIONS**

6.      Plaintiff was employed by the Defendant as the Human Resources Manager at the Monaca Plant from on or about May 7, 2012 through April 23, 2013.

7.      At all times during his employment with the Defendant, Plaintiff was qualified for the position he held.

8.      Plaintiff was terminated without just cause or legal excuse on or about April 23, 2013.

9.      Prior to his termination, Plaintiff, along with the Plant Manager, were removed from the Defendant's negotiating team in March of 2013.  The negotiating team had been attempting to

obtain a collective bargaining agreement with the four unions which represent employees at the Defendant's Monaca Plant.

10. Plaintiff was replaced on the negotiating team by a significantly younger employee, Johnathon Branson, who made significant concessions that the Defendant had previously been unwilling to agree to, and which the Defendant had specifically prohibited the Plaintiff from agreeing to.

11. Mr. Branson then attempted to change the terms of the negotiated agreement after the four local unions had voted to ratify the proposed contract.

12. When Mr. Branson's attempts to change the agreed upon language were discovered, Mr. Branson attempted to shift the blame for his actions to the Plaintiff and the prior negotiating team.

13. Prior to attempting to blame Plaintiff for his own improper actions, Mr. Branson had engaged in a course of conduct designed to terminate and replace older employees with significantly younger employees.

14. After Mr. Branson attempted to shift the blame for his failures and improper actions to the Plaintiff, Plaintiff was terminated.

15. The reasons given for Plaintiff's termination were pretextual.

16. Following Plaintiff's termination from employment, Defendant replaced Plaintiff with someone substantially younger.

17. At the time of Plaintiff's termination he was 60 years old.

18. Following Plaintiff's termination he filed a complaint with the Equal Employment Opportunity Commission ("EEOC") alleging sex discrimination and age discrimination under

state and federal law. Plaintiff's Charge of Discrimination was docketed by the EEOC at Case No. 533-2013-01168. Plaintiff's charge was dual filed with the Pennsylvania Human Relations Commission.

19. Plaintiff received a "Notice of Right to Sue" letter which closed the EEOC's investigation and was dated March 19, 2014.

20. Plaintiff's Complaint is filed within ninety (90) days of the receipt of his Notice of Right to Sue letter.

## COUNT I
## AGE DISCRIMINATION IN EMPLOYMENT

21. Plaintiff respectfully incorporates all of the allegations of Paragraphs 1-20, inclusive, as if the same were fully set forth herein in this First Count, and made a constituent part hereof.

22. This is a proceeding under the Age Discrimination in Employment Act for declaratory judgment as to the Plaintiff's rights and for a permanent injunction restraining Defendant from maintaining a policy, practice, custom or usage of age discrimination against the Plaintiff because of his age with respect to his continuation in employment and further with respect to the terms, conditions and privileges of that employment, in such ways and by such means so as to deprive, as the Defendant has deprived, the Plaintiff of equal employment status because of his age. This Count also seeks restoration to the Plaintiff of all rights, privileges, benefits and income that he would have received but for the Defendant's unlawful and discriminatory practices, and a make whole remedy to compensate him for his injuries, losses and damages together with such exemplary, punitive and liquidated damages provided by law.

23. Plaintiff believes, and therefore avers, that he was maliciously, willfully and intentionally discriminated against, and/or treated with reckless indifference to his rights under law, in the terms and conditions of his employment because of his age in that he was discriminated against as aforementioned.

24. As a result of the Defendant's actions, Plaintiff has been substantially and illegally harmed, suffered large and continuing financial losses, deprivation of employment, benefits, perquisites, and fair treatment, and has suffered continuing emotional and physical distress and injury, embarrassment and humiliation caused by the Defendant, its managers, supervisors, employees, agents, attorneys, and other officials.

25. The actions of the Defendant in denying Plaintiff an equal opportunity to continue and advance in his employment with the Defendant without age discrimination, constitutes a violation of the Age Discrimination in Employment Act.

26. Plaintiff has no other plain, adequate or complete remedy at law to redress the wrongs done to him by the Defendant and this suit for injunctive relief is his only means of securing just and adequate redress and relief.  Moreover, Plaintiff is now suffering and will continue to suffer irreparable injury from the Defendant's age discrimination policies, practices, customs and usages as set forth herein until and unless the same are enjoined by the court.

27. A **JURY TRIAL** IS DEMANDED TO THE EXTENT THE SAME MAY BE PERMITTED BY LAW.

WHEREFORE, Plaintiff Gene Garczewski respectfully prays that judgment be entered in his favor against the Defendant and that the Court:

    a. Enter a declaratory judgment that the practices, policies, customs and usages complained of herein are unlawful and violative of the ADEA;

    b.    Permanently enjoin the Defendant, its officials, officers, managers, supervisors, employees, attorneys and those acting in concert with it or them from engaging in each of the unlawful practices, policies, customs, and usages set forth herein, and from continuing any and all other practices and actions shown to be in violation of applicable law;

    c.    Order modification or elimination of the practices, policies, customs and usages set forth herein and all other such practices and actions shown to be in violation of applicable law so that the said practices, etc., do not permit age discrimination of any kind or type;

    d.    Reinstate Plaintiff to his previous position, or a position of comparable salary, benefits, rank, seniority, and stature within the Defendant organization;

    e.    Adjust the wage rates, salary, bonuses, position and benefits for Plaintiff to that level which he would be enjoying but for the discriminatory practices and actions of the Defendant;

    f.    Compensate and make Plaintiff whole for all earnings, salary, wages, and other benefits he would have received but for the discriminatory practices and actions of Defendant;

    g.    Order that Defendant destroy all derogatory comments and discipline files regarding Plaintiff and expunge all references to the circumstances of any such discipline;

    h.    Award Plaintiff the costs and disbursements of this action, including reasonable attorneys' fees and costs of suit;

    i.    Grant such other relief as may be just and proper including but not limited to a grant of compensatory, liquidated, exemplary and/or punitive damages; and

    j.    Protect Plaintiff from further discrimination and/or retaliation.

**COUNT II**
**PHRA VIOLATIONS**

28.    Plaintiff respectfully incorporates all of the allegations of Paragraphs 1-27, inclusive, as if the same were fully set forth in this Second Count, and made a constituent part hereof.

29. This is an action arising under the provisions of Pennsylvania law, to wit, Title 43 P.S. '951, et seq. (The "Pennsylvania Human Relations Act") and this Court has, and should exercise, pendent jurisdiction over the same because the cause of action complained of in this Second Count arises out of the same facts, events and circumstances as the First Count and therefore judicial economy and fairness to the parties dictate that this Count be brought in the same Complaint.

30. By discriminating against the Plaintiff without just cause or legal excuse and because of his age, the Defendant violated the provisions of Title 43 P.S. 955 which prohibits harassment and retaliation because of age, sex, disability and retaliation with respect to compensation for, continuation in and tenure of, employment.

31. The Defendant's actions in discriminating against the Plaintiff, as aforementioned, were taken and done despite the Plaintiff's experience and qualifications which made him the best able and most competent employee to provide services for the Defendant in a number of available positions including but not limited to the position he held at the time of the events complained of heretofore.

32. As more fully set forth in Count I, the Plaintiff has suffered, directly and solely as a result of the Defendant's discriminatory actions, great pecuniary loss and damage, and will continue to suffer the same for the indefinite future.

33. **A JURY TRIAL IS DEMANDED TO THE EXTENT THE SAME MAY HEREAFTER BE PERMITTED BY LAW.**

WHEREFORE, the Plaintiff respectfully prays that judgment be entered in his favor and against the Defendant for all of the relief sought in Count I, supra, and such other and further

relief provided by the Pennsylvania Human Relations Act, together with an award of attorneys' fees and costs of suit in this Second Count.

        Respectfully submitted,

        s/Adam K. Hobaugh
        MURTAGH & HOBAUGH
        John W. Murtagh, Jr.
        Pa. Id. No. 16726
        Adam K. Hobaugh
        Pa. Id. No. 203448
        Murtagh & Cahill
        110 Swinderman Road
        Wexford, PA 15090
        (724) 935-7555

        Counsel for Plaintiff